(January 27, 1987)

■ R.A.S. ENTERPRISES, INC., et al., Respondents, v DARO INDUSTRIES, INC., et al., Defendants, and DANIEL LIKER, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered July 28, 1986, denying defendant's motion for an order pursuant to CPLR 6404 directing the temporary receiver of Daro Industries, Inc., to permit defendant Daniel Liker to inspect all written accounts, itemizing receipts and expenditures, and all other records kept by said receiver pursuant to his receivership, reversed on the law and the facts, and in the exercise of discretion, to grant defendant's motion, without costs.

The issues on this appeal had their genesis in an action commenced in 1970 by plaintiffs, R.A.S. Enterprises, Inc., and Ronald Stewart, individually and as a 50% stockholder of

Daro Industries, Inc., against Daro Industries, Inc. and Daniel Liker, the other 50% shareholder, seeking damages and an accounting. In June 1970, shortly after commencement of the action, the trial court appointed a temporary receiver for the purpose of taking charge of the assets of Daro with power to take all steps necessary to properly administer and preserve them. The order further directed the receiver to "keep written accounts, itemizing receipts and authorized expenditures, describing the aforementioned property and naming the depository of receivership funds, which accounts shall be open to the inspection of any person having an apparent interest in the property".

In 1977, a judgment and order was entered in favor of plaintiff R.A.S. Enterprises against Daro, in the amount of $241,318, and defendant Daniel Liker was ordered to turn over forthwith to the receiver the amount of $301,125.50. It is alleged by the receiver that the total amount collected by him to date is $71,348, of which $33,288 was collected from a bank account in the name of Mrs. Liker in trust for Mr. Liker.

Following rejection of his request, in a letter dated April 23, 1986, for an opportunity to examine the books and records, the defendant moved pursuant to CPLR 6404 for an order authorizing him to inspect the written accounts and other items described above. The receiver opposed on the ground that the defendant did not have an "apparent interest in the property" because of his failure to discharge his obligation under the judgment and order referred to previously. The court denied defendant's motion, directing that no further motions shall be made by any of the defendants without first securing permission from the court.

Although there is some merit to the contention that defendant's failure to discharge his obligation to Daro puts in question his claim to have an apparent interest in the assets of the corporation, and there is some substance to the claim that the defendant's litigation tactics raise a question as to his good faith, the fact remains that there has been no accounting by the temporary receiver in the 16 years that have elapsed since his appointment, and that Liker remains a 50% shareholder in the company. Under these circumstances, we believe the defendant Liker has sufficient interest to justify the granting of his motion for an opportunity to inspect the relevant accounts, receipts and expenditures. Concur—Murphy, P. J., Sandler, Carro, Asch and Milonas, JJ.